UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

ROGER EGAN,
                          Plaintiff,

                     -against-

MARSH & MCLENNAN COMPANIES, INC.,

                        Defendant.

———————————————————————— x

No. 07 Civ 7134

**NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
       THE SOUTHERN DISTRICT OF NEW YORK

          Pursuant to 28 U.S.C. § 1441 and Rule 81.1 of the Local Civil Rules for the

District Courts of the Southern and Eastern Districts of New York, Defendant Marsh &

McLennan Companies, Inc. ("Defendant" or "MMC"), by its attorneys Kramer Levin Naftalis &

Frankel LLP, respectfully files this Notice of Removal of this civil action from the Supreme

Court of the State of New York, County of New York, to the United States District Court for the

Southern District of New York, and in support of its Notice of Removal states as follows:

          1.    On or about July 11, 2007, the Summons and Verified Complaint in the

above-captioned action (the "State Court Action") was filed in the Supreme Court of the State of

New York, County of New York.  A copy of the Summons and Verified Complaint in that

action, captioned *Robert Egan v. Marsh & McLennan Companies, Inc.*, Index No. 07/602281, is

attached to this Notice as Exhibit A.

          2.    The first date on which the Defendant named in the Verified Complaint

received a copy of the Summons and Verified Complaint, either via service or otherwise, was

July 11, 2007.

3.    It appears from the Plaintiff's complaint that this is a civil action that arises, in part, under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff's complaint alleges common law breach of contract claims seeking recovery of benefits under various MMC severance and retirement plans. ERISA expressly governs two of these severance plans (attached hereto as Exhibit B and C), as well the three plans that make up MMC's Retirement Program (attached hereto, together with the Plan Administration Description for the plans, as Exhibits D-G). *See, e.g., Blanck v. Consol. Edison Ret. Plan,* 2004 WL 115199, at *4 (S.D.N.Y. Jan. 26, 2004) (breach of contract claim for benefits under retirement plan preempted by ERISA); *Nelson v. Nielsen Media Research Inc.,* 207 F. Supp. 2d 300, 303 (S.D.N.Y. 2002) (ERISA preempts state law claims against employer for breach of contract arising from employer's denial of severance benefits). ERISA expressly provides that "the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a). Moreover, the Supreme Court has held that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209 (2004). As a result, plaintiff's common law breach of contract claims to recover benefits under the severance and retirement plans governed by ERISA are preempted. *See, e.g., Aetna,* 542 U.S. at 209; *Nelson,* 207 F. Supp. 2d at 303.

4.    Pursuant to 28 U.S.C. § 1331, the Federal District Court has original jurisdiction of all civil actions arising under the laws of the United States. Therefore, pursuant to 28 U.S.C. §§ 1441(a) and (b), the State Court Action may be removed to the Federal District

Court, in that the common law breach of contract claims to recover severance and retirement benefits seek to assert rights arising, if at all, under ERISA.

5.    Pursuant to 28 U.S.C. § 1367, the Federal District Court has supplemental jurisdiction over Plaintiff's New York common law claims (breach of contract and promissory estoppel) because those claims are so related to the federal questions that they form part of the same case or controversy.  Such claims are removable pursuant to the provisions of 28 U.S.C. § 1441 without regard to the citizenship or residence of the parties.

6.    Pursuant to 28 U.S.C. § 1446(b), this Notice is properly filed within 30 days after receipt by Defendant in the State Court Action of the Summons and Verified Complaint.

7.    Defendant files with this Notice, as Exhibit A hereto, a copy of all pleadings served and filed to date in this action.

8.    Promptly after the filing of this Notice of Removal, Defendant will give written notice of the filing to Plaintiff as required by 28 U.S.C. § 1446(d).

9.    A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant requests that the action described in this Notice and now pending in the Supreme Court of the State of New York, County of New York, be removed to the United States District Court for the Southern District of New York, and that the case thereafter proceed in this Court as an action properly removed thereto.

Dated: New York, New York
      August 10, 2007

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
    Barry H. Berke (BB-1421)
    Robert N. Holtzman (RH-9525)
    Jennifer Rochon (JR-3097)
    1177 Avenue of the Americas
    New York, New York 10022
    (212) 715-9100

    Attorneys for Defendant