This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.

## MARSH & McLENNAN COMPANIES
## 2000 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

### Terms and Conditions of 7-Year Restricted Stock Awards to U.S. Grant Recipients

This award of restricted stock, granted on March 17, 2004 under the Marsh & McLennan Companies ("MMC") 2000 Senior Executive Incentive and Stock Award Plan (the "Plan"), is subject to the terms and conditions below. This award is intended to serve as recognition of your potential for future contributions to the success of MMC and to provide an appropriate additional incentive to remain with the Company so as to influence future outcomes in carrying out your professional and executive responsibilities.

I. **AWARD VESTING AND DISTRIBUTION**

   A. *Vesting Period*

   Your award of restricted stock is scheduled to vest on the earlier of (1) January 1, 2012 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in MMC's primary retirement plan applicable to you).

   B. *Stock Distribution*

   The shares will be distributed as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended. For covered employees, MMC may exchange the restricted stock for restricted stock units prior to vesting and defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA, IVB or VA herein.

   Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.

II. **RIGHTS OF RESTRICTED STOCK**

You will receive dividends on the restricted stock, and you can vote your shares. The shares may not be transferred or assigned by you unless and until the restriction period has ended and the shares have been registered to you.

III. **TAXES**

The value of restricted stock generally is not taxable on the date of grant. During the restriction period, the receipt of dividends on the shares is taxable as additional compensation and reported on a current basis as W-2 income. When the shares vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares, and you must pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

IV. **TERMINATION OF EMPLOYMENT**

If your employment with MMC or any of its subsidiaries or affiliates (the "Company") terminates, your right to the restricted stock shall be as follows:

A. **Death**

If you die, the restricted stock will vest immediately to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

B. **Permanent Disability**

If you become totally and permanently disabled as determined under MMC's long-term disability program, the restricted stock will vest immediately.

C. **Retirement**

As stated in Section IA, if the shares are restricted until your retirement, then the restricted stock will vest on the later of your Normal or Deferred Retirement Date.

D. **All Other Employment Terminations**

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the MMC Board of Directors (the "Committee"), all of your rights, title and interest in and to the restricted stock shall be forfeited.

V. **CHANGE IN CONTROL PROVISIONS**

A. **Change in Control**

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

B. **Additional Payment**

Should you receive shares from the vesting of restricted stock that has been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax. The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

VI. <u>OTHER PROVISIONS</u>

    A.    This award of restricted stock does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

    B.    MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

    C.    This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to MMC.

    D.    The restricted stock is awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

    E.    During your lifetime, no right hereunder related to the restricted stock shall be transferable except by will or the laws of descent and distribution.

## INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form 8 dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A/A dated January 26, 2000, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act, subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Ms. Kelly Gamble, Senior Manager, Global Compensation, at 212/948-3523 or via internal electronic mail (Lotus Notes) or the internet (kelly.gamble@mmc.com).

t&c\03172004senior-restrict stock-7yr