**This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.**

MARSH & McLENNAN COMPANIES
2000 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

Terms and Conditions of Restricted Stock Unit Awards to U.S. Grant Recipients

This award of restricted stock units, granted on January 16, 2003 under the Marsh & McLennan Companies (MMC) 2000 Senior Executive Incentive and Stock Award Plan (the Plan), is subject to the following terms and conditions:

I. VESTING PERIOD

Your award of restricted stock units is scheduled to vest on the earlier of (1) January 16, 2006 or (2) such other date as may be applicable pursuant to the provisions of Section IV below. The shares will be delivered to you as soon as practicable after the date of vesting, free of restriction.

II. RIGHTS OF RESTRICTED STOCK UNITS

You will receive dividend equivalent payments on the restricted stock units. Unless and until both the vesting conditions of the award have been satisfied and the shares have been registered to you in accordance with the terms and conditions described herein, you have none of the attributes of ownership to such shares of stock (e.g., units cannot be used as payment for stock option exercises; units may not be transferred or assigned; units have no voting rights).

III. TAXES

The value of restricted stock units generally is not taxable on the date of grant. During the restriction period, the receipt of dividend equivalents is taxable on a current basis as additional compensation and will be included in your payroll checks. When the units vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares; at that time you will be required to pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

IV. TERMINATION OF EMPLOYMENT

If, prior to the vesting of all restricted stock units as provided above, you should cease to be employed by MMC or any of its subsidiaries or affiliates (the Company), all restricted stock units shall, except as provided in the next succeeding paragraph, forthwith vest in you or, in the event of your death, to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

You shall not be entitled to receive any restricted stock units not theretofore vested, and all rights pertaining to any such unvested restricted stock units shall cease, should your employment be terminated under any of the following conditions:

A. Termination by your employer for any of the following reasons: misappropriation of the assets of the Company; willful misconduct in the performance of your duties; your refusal to perform the duties of your position; or your conviction of a felony.

B. Your resignation, except:

(1) upon total disability, as defined in the Company's long-term disability program; or

(2) upon retirement within the meaning of the Company's retirement program; or

(3) for Good Reason (as defined below) if the Company fails to cure the circumstances giving rise to such Good Reason within 30 days. "Good Reason" means:

(a) termination of your present position in the Company or of any position subsequently held;

(b) reduction in your annual base salary as in effect from time to time, except for across-the-board salary reductions similarly and generally affecting a recognized group of senior executives that includes you;

(c) relocation of your office to a place not within the New York City metropolitan area; or

(d) the discontinuance or reduction in level of your participation (exclusive of an <u>ad hoc</u> reduction conforming to the general principles under which a plan is administered) in any compensation plan in which you have been participating, provided that other senior executives constituting a recognized group that includes you are not also and similarly affected.

Any resignation pursuant to Section IV.B.(3) must be submitted in writing and delivered to the Senior Vice President, Human Resources and Administration of MMC within 60 days of your becoming aware of any circumstances set forth in (a), (b), (c) or (d) above. Such notice of resignation must specify which of the circumstances set forth above you are relying on, and your resignation must be effective no later than 90 days, but no earlier than 30 days, from your delivery of the written notice.

It is understood that any future agreement between you and the Company may include provisions that vary from the terms contained herein and, if so, the provisions of such future agreement shall govern.

V. <u>CHANGE IN CONTROL PROVISIONS</u>

A. <u>Change in Control</u>

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock units will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

B. Additional Payment

Should you receive shares from the vesting of restricted stock units that have been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax. The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

VI. OTHER PROVISIONS

A. This award of restricted stock units does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B. MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due to you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock subsequently acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C. This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Compensation Committee of the MMC Board of Directors (the Committee). In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to the Senior Vice President, Human Resources and Administration of MMC.

D. The restricted stock units are awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E. During your lifetime, no right hereunder related to these restricted stock units shall be transferable except by will or the laws of descent and distribution.

INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form 8 dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A/A dated January 26, 2000, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the Exchange Act), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act, subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Suzette L. Lhérisson, Manager, Executive Compensation Administration at (212)345-5659.

t&c/01162003rsu-usa