UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ROGER EGAN,

            Plaintiff,

            - against -

MARSH & MCLENNAN COMPANIES, INC.,

            Defendant.
----------------------------------------x

**SCHEDULING ORDER**

07 Civ. 7134 (SAS)

Conference Date: September 19, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/07

        WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on August 27, 2007 (the "Order"); and

        WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

        NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

1.     the date of the conference and the appearances for the parties:

     a.     The date of the conference is September 19, 2007.

     b.     Appearing for the parties are:

         <u>For the plaintiff</u>:
         Peter N. Wang, Esq.
         Jeremy L. Wallison, Esq.
         Attorneys for Plaintiff
         90 Park Avenue
         New York, New York 10016
         (212) 682-7474

For the defendant:
Barry H. Berke, Esq.
Robert N. Holtzman, Esq.
Attorneys for Defendant
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

2. a concise statement of the issues as they then appear to each party:

   a. The issues as they now appear to the plaintiff:

   Plaintiff, whose employment by defendant was constructively terminated after 32 years, seeks to enforce his rights under certain restricted stock and restricted stock unit awards, his rights to receive certain pension and severance benefits, and the rights conferred on him by virtue of defendant's promise that it would negotiate a generous separation agreement with him. Plaintiff has asserted claims sounding in breach of contract and promissory estoppel.

   b. The issues as they now appear to the defendant:

   Plaintiff Roger Egan, the former president and chief operating officer of Marsh, Inc. ("Marsh"), a subsidiary of MMC, was asked to step down from his position on November 8, 2004 because he was accountable for the areas within Marsh that were the focus of investigations by the New York Attorney General's office. A month later, MMC allegedly denied plaintiff access to MMC's offices, email and personal files but continued to employ him. Plaintiff resigned from MMC on April 8, 2005, citing his desire to "get on with [his] life." A few days later, it was announced that plaintiff would serve as the Chief Executive Officer of Integro, a newly-formed insurance brokerage and risk management firm that directly competes with Marsh.

   More than two years later, on July 11, 2007, plaintiff bypassed all administrative claims procedures and sued MMC in state court, seeking benefits under MMC's severance plans, equity plan, and retirement program. He also brings a promissory estoppel claim alleging that Michael Cherkasky, the Chief Executive Officer of MMC, promised him that MMC would provide him with a "generous settlement." On August 10, 2007, MMC removed the action to this Court.

   On September 10, 2007, MMC moved to dismiss plaintiff's Second, Third, and Fourth Causes of Action and portions of his First Cause of Action because such claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., or otherwise fail to state a claim upon which relief may be granted. Congress has expressly determined that claims such as plaintiff's that relate to employee benefit plans are to be uniformly evaluated under ERISA, rather than various state laws. Moreover, under ERISA, exhaustion of administrative remedies is mandated before filing such a claim — another requirement ignored by plaintiff — in order to place with claim administrators, not the courts, responsibility for initially evaluating benefit claims, especially where interpretation of the plan terms are necessary, and to ensure that there is a complete record that is ripe for judicial review.

Briefing for the motion to dismiss is expected to be completed on October 24, 2007.

3.    a schedule including:

    a.    the names of persons to be deposed and a schedule of planned depositions:

        (i)    As of the date hereof, plaintiff seeks to depose:

(1) Lewis Bernard
(2) Peter Beshar
(3) Francis Bonsignore
(4) Sarah Bott
(5) Mathis Cabiallavetta
(6) Michael Cherkasky
(7) Charles Davis
(8) Oscar Fanjul
(9) Peter Garvey
(10) Jeffrey Greenberg
(11) Ray Groves
(12) Stephen Hardis
(13) Bob Khana
(14) Kay Kimme
(15) Leon Lichter
(16) William Malloy
(17) Philip Moyles, Jr.
(18) Robert Newhouse
(19) Barbara Pearlmutter
(20) Michael Petrullo
(21) William Rosoff
(22) Thomas Sansone
(23) Morton Schapiro
(24) Bart Schwartz
(25) Brandon Schweitzer
(26) John Sinnott
(27) Walter Tomenson, Jr.
(28) Christopher Treanor
(29) Additional third party witnesses to be identified.

KL3 2614200.2

  (ii) As of the date hereof, defendant seeks to depose:

    (1) Roger Egan
    (2) Robert Clements
    (3) Peter Garvey
    (4) William Goett
    (5) Frank Gundersen
    (6) Jeffrey Wingate
    (7) Additional third party witnesses to be identified.

  (iii) Defendant maintains that discovery should be deferred until after resolution of its Motion to Dismiss parts of the First Cause of Action and the entirety of the Second, Third, and Fourth Causes of Action alleged in the complaint. (*See* ¶ 5.) Plaintiff opposes this request. In the event the Court determines that discovery should proceed at this time, the parties agree that depositions of fact witnesses shall be completed by March 14, 2008.[1]

 b. a schedule for the production of documents:

  (i) Document production will be concluded by December 1, 2007.

 c. dates by which (i) each expert's report will be supplied to the adverse side and (ii) each expert's deposition will be completed:

  (i) The parties shall supply to opposing counsel any expert reports in support of their affirmative claims by April 1, 2008 and any rebuttal reports by May 1, 2008.

  (ii) The parties shall complete depositions of experts by June 1, 2008.

 d. time when discovery is to be completed:

  (i) Discovery shall be completed by June 1, 2008.

---

[1] Similarly, the parties provide proposed dates as set forth below without prejudice to defendant's contention that discovery should be deferred.

    e.    the date by which plaintiff will supply its pre-trial order matters to defendant:

        (i)    Plaintiff shall supply its pre-trial order matters to defendant by July 1, 2008.

    f.    the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial:

        (i)    The parties shall submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed finding of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial by August 1, 2008.

    g.    a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

4.    a statement of any limitations to be placed on discovery, including any protective or confidentiality orders:

    a.    The parties agree to continue to meet and confer about whether to execute a confidentiality order.

    b.    The parties further agree to meet and confer regarding third-party discovery, particularly as it relates to the production of documents by Integro Insurance Brokers ("Integro") and depositions of Integro employees.

KL3 2614200.2

5.     a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

    a.     Counsel conferred in good faith and were unable to reach an agreement regarding whether discovery should commence before the Court rules on defendant's Motion to Dismiss.

6.     anticipated fields of expert testimony, if any:

    a.     The parties anticipate expert discovery relating to plaintiff's alleged damages.

7.     anticipated length of trial and whether to court or jury:

    a.     Plaintiff anticipates a five day trial to a jury. *[handwritten: Jury / Non-jury]*

    b.     Defendant anticipates an eight day trial. With respect to the portions of the First Cause of Action relating to Egan's Special Severance Pay Plan and to the Second Cause of Action, defendant agrees that these issues should be tried before a jury. With respect to plaintiff's other claims in the First Cause of Action, as well as the Third and Fourth Causes of Action, defendant maintains that these issues should be decided by the Court.

KL3 2614200.2

8.     a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires:

    a.     The Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Dated: New York, New York
          September 19, 2007

                                      Foley & Lardner LLP

                                      By: _____
                                          Peter N. Wang (PW 9218)
                                          Jeremy L. Wallison (JW 6707)
                                      Attorneys for Plaintiff
                                      90 Park Avenue
                                      New York, New York 10016
                                      (212) 682-7474

                                      Kramer Levin Naftalis & Frankel LLP

                                      By: _____
                                          Barry H. Berke (BB 1421)
                                          Robert N. Holtzman (RH 9525)
                                          Jennifer Rochon (JR 3097)
                                      Attorneys for Defendant
                                      1177 Avenue of the Americas
                                      New York, New York 10036
                                      (212) 715-9100

SO ORDERED:

_____ 9/19/07
SHIRA A. SCHEINDLIN
U.S.D.J.