# EXHIBIT
# A

MARSH & McLENNAN COMPANIES
1992 INCENTIVE AND STOCK AWARD PLAN


Terms and Conditions of Restricted Stock Awards


This award of Restricted Stock, granted on March 20, 1997 under the Marsh & McLennan Companies 1992 Incentive and Stock Award Plan, is subject to the following terms and conditions:


I.    AWARD VESTING AND DISTRIBUTION

A.    Vesting Period

Your award of Restricted Stock is scheduled to vest on the earlier of (1) January 1, 2008 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in the corporation's primary Retirement Plan applicable to you).

B.    Stock Distribution

A stock certificate will be delivered as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended. For covered employees, the Company may exchange the Restricted Stock for Restricted Stock Units prior to vesting and defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA and VA herein.

Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.


II.    RIGHTS OF RESTRICTED STOCK

You will receive dividends on the Restricted Stock, and you can vote your shares. The shares may not be transferred or assigned by you unless and until the restriction period has ended and you have received physical possession of the stock certificate representing such shares.


III.    TAXES

The value of Restricted Stock generally is not taxable on the date of grant. During the restriction period, the receipt of dividends on the shares is taxable as additional compensation and reported on a current basis as W-2 income. When the shares vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares, and you must pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

## IV.    TERMINATION OF EMPLOYMENT

If your employment with the Company or any of its subsidiaries or affiliates terminates, your right to the Restricted Stock shall be as follows:

A.    Death

If you die, the Restricted Stock will vest immediately to the person or persons to whom your rights shall pass by will or the law of descent and distribution.

B.    Permanent Disability

If you become totally and permanently disabled as determined under the Company's long-term disability program, the Restricted Stock will vest immediately.

C.    Retirement

As stated in Section IA, if the shares are restricted until your retirement, then the Restricted Stock will vest on the later of your Normal or Deferred Retirement Date.

D.    All Other Employment Terminations

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the Board of Directors (the "Committee"), all of your rights, title and interest in and to the Restricted Stock shall be forfeited.

## V.    CHANGE IN CONTROL PROVISIONS

A.    Change in Control

Upon the occurrence of a "change in control" of the Company, as defined in the 1992 Incentive and Stock Award Plan, the Restricted Stock will vest on the date of the change in control, and a stock certificate for the vested shares will be delivered to you as soon as practicable thereafter.

B.    Additional Payments

Should you receive shares from the vesting of Restricted Stock that has been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax. The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

## VI.  OTHER PROVISIONS

A.  This award of Restricted Stock does not give you any right to continue to be employed by the Company or any of its subsidiaries or affiliates, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B.  The Company is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of the Company to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of common stock of the Company, if counsel for the Company deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C.  This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to the Senior Vice President, Human Resources and Administration of the Company.

D.  The Restricted Stock is awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E.  During your lifetime, no right hereunder related to the Restricted Stock shall be transferable except by will or the laws of descent and distribution.

rsus.doc

**This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.**

MARSH & McLENNAN COMPANIES
1997 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

Terms and Conditions of Restricted Stock Awards

This award of restricted stock, granted on March 18, 1999 under the Marsh & McLennan Companies (MMC) 1997 Senior Executive Incentive and Stock Award Plan (the Plan), is subject to the following terms and conditions:

I.  AWARD VESTING AND DISTRIBUTION

A.  Vesting Period

Your award of restricted stock is scheduled to vest on the earlier of (1) January 1, 2010 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in MMC's primary retirement plan applicable to you).

B.  Stock Distribution

The shares will be distributed as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended. For covered employees, MMC may exchange the restricted stock for restricted stock units prior to vesting and defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA and VA herein.

Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.

II.  RIGHTS OF RESTRICTED STOCK

You will receive dividends on the restricted stock, and you can vote your shares. The shares may not be transferred or assigned by you unless and until the restriction period has ended and the shares have been registered to you.

III.  TAXES

The value of restricted stock generally is not taxable on the date of grant. During the restriction period, the receipt of dividends on the shares is taxable as additional compensation and reported on a current basis as W-2 income. When the shares vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares, and you must pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

1

## IV.    TERMINATION OF EMPLOYMENT

If your employment with MMC or any of its subsidiaries or affiliates (the Company) terminates, your right to the restricted stock shall be as follows:

### A.    Death

If you die, the restricted stock will vest immediately to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

### B.    Permanent Disability

If you become totally and permanently disabled as determined under MMC's long-term disability program, the restricted stock will vest immediately.

### C.    Retirement

As stated in Section IA, if the shares are restricted until your retirement, then the restricted stock will vest on the later of your Normal or Deferred Retirement Date.

### D.    All Other Employment Terminations

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the MMC Board of Directors (the Committee), all of your rights, title and interest in and to the restricted stock shall be forfeited.

## V.    CHANGE IN CONTROL PROVISIONS

### A.    Change in Control

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

### B.    Additional Payment

Should you receive shares from the vesting of restricted stock that has been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax. The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

2

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

## VI.   OTHER PROVISIONS

A.   This award of restricted stock does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B.   MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C.   This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to the Senior Vice President, Human Resources and Administration of MMC.

D.   The restricted stock is awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E.   During your lifetime, no right hereunder related to the restricted stock shall be transferable except by will or the laws of descent and distribution.

## INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form 8 dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A dated October 10, 1997, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the Exchange Act), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act, subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Mr. Vincent R. Belluccia, Manager, Executive Compensation and Human Resource Systems at 212/345-5657.

J:\MAR99RST&C

4

**This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.**

MARSH & McLENNAN COMPANIES
1997 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

Terms and Conditions of Restricted Stock Awards

This award of restricted stock, granted on January 20, 2000 under the Marsh & McLennan Companies (MMC) 1997 Senior Executive Incentive and Stock Award Plan (the Plan), is subject to the following terms and conditions:

I.    AWARD VESTING AND DISTRIBUTION

A.    Vesting Period

Your award of restricted stock is scheduled to vest on the earlier of (1) January 1, 2011 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in MMC's primary retirement plan applicable to you).

B.    Stock Distribution

The shares will be distributed as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended. For covered employees, MMC may exchange the restricted stock for restricted stock units prior to vesting and defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA and VA herein.

Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.

II.    RIGHTS OF RESTRICTED STOCK

You will receive dividends on the restricted stock, and you can vote your shares. The shares may not be transferred or assigned by you unless and until the restriction period has ended and the shares have been registered to you.

III.    TAXES

The value of restricted stock generally is not taxable on the date of grant. During the restriction period, the receipt of dividends on the shares is taxable as additional compensation and reported on a current basis as W-2 income. When the shares vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares, and you must pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

1

## IV.  TERMINATION OF EMPLOYMENT

If your employment with MMC or any of its subsidiaries or affiliates (the Company) terminates, your right to the restricted stock shall be as follows:

### A.  Death

If you die, the restricted stock will vest immediately to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

### B.  Permanent Disability

If you become totally and permanently disabled as determined under MMC's long-term disability program, the restricted stock will vest immediately.

### C.  Retirement

As stated in Section IA, if the shares are restricted until your retirement, then the restricted stock will vest on the later of your Normal or Deferred Retirement Date.

### D.  All Other Employment Terminations

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the MMC Board of Directors (the Committee), all of your rights, title and interest in and to the restricted stock shall be forfeited.

## V.  CHANGE IN CONTROL PROVISIONS

### A.  Change in Control

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

### B.  Additional Payment

Should you receive shares from the vesting of restricted stock that has been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax. The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

VI.  OTHER PROVISIONS

A.  This award of restricted stock does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B.  MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C.  This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to the Senior Vice President, Human Resources and Administration of MMC.

D.  The restricted stock is awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E.  During your lifetime, no right hereunder related to the restricted stock shall be transferable except by will or the laws of descent and distribution.

INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form 8 dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A/A dated January 26, 2000, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the Exchange Act), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act, subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Ms. Suzette Lhérisson, Manager, Executive Compensation Administration at 212/345-5659.

vb:\JAN00RST&C

# EXHIBIT
# B

**This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.**

MARSH & McLENNAN COMPANIES
2000 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

Terms and Conditions of Restricted Stock Awards to U.S. Grant Recipients

This award of restricted stock, granted on March 15, 2001 under the Marsh & McLennan Companies ("MMC") 2000 Senior Executive Incentive and Stock Award Plan (the "Plan"), is subject to the following terms and conditions:

I.   AWARD VESTING AND DISTRIBUTION

  A.   Vesting Period

     Your award of restricted stock is scheduled to vest on the earlier of (1) January 1, 2012 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in MMC's primary retirement plan applicable to you).

  B.   Stock Distribution

     The shares will be distributed as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended. For covered employees, MMC may exchange the restricted stock for restricted stock units prior to vesting and defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA and VA herein.

     Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.

II.   RIGHTS OF RESTRICTED STOCK

  You will receive dividends on the restricted stock, and you can vote your shares. The shares may not be transferred or assigned by you unless and until the restriction period has ended and the shares have been registered to you.

III.   TAXES

  The value of restricted stock generally is not taxable on the date of grant. During the restriction period, the receipt of dividends on the shares is taxable as additional compensation and reported on a current basis as W-2 income. When the shares vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares, and you must pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

## IV.  TERMINATION OF EMPLOYMENT

If your employment with MMC or any of its subsidiaries or affiliates (the "Company") terminates, your right to the restricted stock shall be as follows:

A.  Death

If you die, the restricted stock will vest immediately to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

B.  Permanent Disability

If you become totally and permanently disabled as determined under MMC's long-term disability program, the restricted stock will vest immediately.

C.  Retirement

As stated in Section IA, if the shares are restricted until your retirement, then the restricted stock will vest on the later of your Normal or Deferred Retirement Date.

D.  All Other Employment Terminations

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the MMC Board of Directors (the "Committee"), all of your rights, title and interest in and to the restricted stock shall be forfeited.

## V.  CHANGE IN CONTROL PROVISIONS

A.  Change in Control

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

B.  Additional Payment

Should you receive shares from the vesting of restricted stock that has been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax.  The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

## VI.  OTHER PROVISIONS

A.  This award of restricted stock does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B.  MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C.  This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to the Senior Vice President, Human Resources and Administration of MMC.

D.  The restricted stock is awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E.  During your lifetime, no right hereunder related to the restricted stock shall be transferable except by will or the laws of descent and distribution.

INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form 8 dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A/A dated January 26, 2000, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act, subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Ms. Suzette Lhérisson, Manager, Executive Compensation Administration at 212/345-5659.

t&c\03152001senior-restrict stock

**This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.**

MARSH & McLENNAN COMPANIES
2000 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

Terms and Conditions of Restricted Stock Awards to U.S. Grant Recipients

This award of restricted stock, granted on March 21, 2002 under the Marsh & McLennan Companies ("MMC") 2000 Senior Executive Incentive and Stock Award Plan (the "Plan"), is subject to the following terms and conditions:

I.    AWARD VESTING AND DISTRIBUTION

    A.    Vesting Period

        Your award of restricted stock is scheduled to vest on the earlier of (1) January 1, 2013 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in MMC's primary retirement plan applicable to you).

    B.    Stock Distribution

        The shares will be distributed as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended. For covered employees, MMC may exchange the restricted stock for restricted stock units prior to vesting and defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA and VA herein.

        Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.

II.    RIGHTS OF RESTRICTED STOCK

    You will receive dividends on the restricted stock, and you can vote your shares. The shares may not be transferred or assigned by you unless and until the restriction period has ended and the shares have been registered to you.

III.    TAXES

    The value of restricted stock generally is not taxable on the date of grant. During the restriction period, the receipt of dividends on the shares is taxable as additional compensation and reported on a current basis as W-2 income. When the shares vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares, and you must pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

IV.   TERMINATION OF EMPLOYMENT

If your employment with MMC or any of its subsidiaries or affiliates (the "Company") terminates, your right to the restricted stock shall be as follows:

A.   Death

If you die, the restricted stock will vest immediately to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

B.   Permanent Disability

If you become totally and permanently disabled as determined under MMC's long-term disability program, the restricted stock will vest immediately.

C.   Retirement

As stated in Section IA, if the shares are restricted until your retirement, then the restricted stock will vest on the later of your Normal or Deferred Retirement Date.

D.   All Other Employment Terminations

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the MMC Board of Directors (the "Committee"), all of your rights, title and interest in and to the restricted stock shall be forfeited.

V.   CHANGE IN CONTROL PROVISIONS

A.   Change in Control

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

B.   Additional Payment

Should you receive shares from the vesting of restricted stock that has been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax. The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

## VI.  OTHER PROVISIONS

A.  This award of restricted stock does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B.  MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C.  This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to the Senior Vice President, Human Resources and Administration of MMC.

D.  The restricted stock is awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E.  During your lifetime, no right hereunder related to the restricted stock shall be transferable except by will or the laws of descent and distribution.

INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form 8 dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A/A dated January 26, 2000, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act, subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Ms. Suzette Lhérisson, Manager, Executive Compensation Administration at 212/345-5659.

t&c\03212002senior-restrict stock

# EXHIBIT
# C

**This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.**

MARSH & McLENNAN COMPANIES
2000 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

Terms and Conditions of Restricted Stock Awards to U.S. Grant Recipients

This award of restricted stock, granted on March 20, 2003 under the Marsh & McLennan Companies ("MMC") 2000 Senior Executive Incentive and Stock Award Plan (the "Plan"), is subject to the following terms and conditions:

I.   AWARD VESTING AND DISTRIBUTION

A.   Vesting Period

Your award of restricted stock is scheduled to vest on the earlier of (1) January 1, 2014 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in MMC's primary retirement plan applicable to you).

B.   Stock Distribution

The shares will be distributed as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended. For covered employees, MMC may exchange the restricted stock for restricted stock units prior to vesting and defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA and VA herein.

Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.

II.   RIGHTS OF RESTRICTED STOCK

You will receive dividends on the restricted stock, and you can vote your shares. The shares may not be transferred or assigned by you unless and until the restriction period has ended and the shares have been registered to you.

III.   TAXES

The value of restricted stock generally is not taxable on the date of grant. During the restriction period, the receipt of dividends on the shares is taxable as additional compensation and reported on a current basis as W-2 income. When the shares vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares, and you must pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

## IV.   TERMINATION OF EMPLOYMENT

If your employment with MMC or any of its subsidiaries or affiliates (the "Company") terminates, your right to the restricted stock shall be as follows:

### A.   Death

If you die, the restricted stock will vest immediately to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

### B.   Permanent Disability

If you become totally and permanently disabled as determined under MMC's long-term disability program, the restricted stock will vest immediately.

### C.   Retirement

As stated in Section IA, if the shares are restricted until your retirement, then the restricted stock will vest on the later of your Normal or Deferred Retirement Date.

### D.   All Other Employment Terminations

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the MMC Board of Directors (the "Committee"), all of your rights, title and interest in and to the restricted stock shall be forfeited.

## V.   CHANGE IN CONTROL PROVISIONS

### A.   Change in Control

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

### B.   Additional Payment

Should you receive shares from the vesting of restricted stock that has been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax. The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

## VI.   OTHER PROVISIONS

A.   This award of restricted stock does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B.   MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C.   This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to the Senior Vice President, Human Resources and Administration of MMC.

D.   The restricted stock is awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E.   During your lifetime, no right hereunder related to the restricted stock shall be transferable except by will or the laws of descent and distribution.

INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form 8 dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A/A dated January 26, 2000, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act, subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Ms. Suzette Lhérisson, Manager, Executive Compensation Administration at 212/345-5659.

t&c\03202003senior-restrict stock

**This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.**

MARSH & McLENNAN COMPANIES
2000 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

Terms and Conditions of Restricted Stock Unit Awards
(issued in lieu of Restricted Stock Awards)

This award of restricted stock units, granted on March 20, 2003 under the Marsh & McLennan Companies ("MMC") 2000 Senior Executive Incentive and Stock Award Plan (the "Plan"), is subject to the following terms and conditions:

I.    AWARD VESTING AND DISTRIBUTION

    A.    Vesting Period

        Your award of restricted stock units is scheduled to vest on the earlier of (1) January 1, 2014 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in MMC's primary retirement plan applicable to you).

    B.    Stock Distribution

        The shares will be distributed as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended.  For covered employees, MMC may defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA and V herein.

        Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.

II.    RIGHTS OF RESTRICTED STOCK UNITS

    You will receive dividend equivalent payments on the restricted stock units. Unless and until both the vesting conditions of the award have been satisfied and the shares have been registered to you in accordance with the terms and conditions described herein, you have none of the attributes of ownership to such shares of stock (e.g., units cannot be used as payment for stock option exercises; units may not be transferred or assigned; units have no voting rights).

III.   TAXES

The value of restricted stock units generally is not taxable on the date of grant. During the restriction period, the receipt of dividend equivalents is taxable on a current basis as additional compensation and will be included in your payroll checks. When the units vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares; at that time you will be required to pay all withholding taxes required by law.  It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

IV.   TERMINATION OF EMPLOYMENT

If your employment with MMC or any of its subsidiaries or affiliates (the "Company") terminates, your right to the restricted stock units shall be as follows:

A.   Death

If you die, the restricted stock units will vest immediately to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

B.   Permanent Disability

If you become totally and permanently disabled as determined under MMC's long-term disability program, the restricted stock units will vest immediately.

C.   Retirement

As stated in Section IA, if the shares are restricted until your retirement, then the restricted stock units will vest on the later of your Normal or Deferred Retirement Date.

D.   All Other Employment Terminations

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the MMC Board of Directors (the "Committee"), all of your rights, title and interest in and to the restricted stock units shall be forfeited.

V.   CHANGE IN CONTROL PROVISIONS

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock units will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

## VI.  OTHER PROVISIONS

A.   This award of restricted stock units does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B.   MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares.  Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C.   This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail.  You may obtain a copy of the Plan by making a request to the Senior Vice President, Human Resources and Administration of MMC.

D.   The restricted stock units are awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E.   During your lifetime, no right hereunder related to the restricted stock units shall be transferable except by will or the laws of descent and distribution.

## INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form 8 dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A/A dated January 26, 2000, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act, subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold, shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Ms. Suzette L. Lhérisson, Manager, Executive Compensation Administration at 212/345-5659.

t&c/03202003senior-rul

**This Document Constitutes Part Of A Prospectus Covering Securities That Have Been Registered Under The Securities Act of 1933.**

MARSH & McLENNAN COMPANIES
## 2000 SENIOR EXECUTIVE INCENTIVE AND STOCK AWARD PLAN

### Terms and Conditions of 10-Year Restricted Stock Awards to U.S. Grant Recipients

This award of restricted stock, granted on March 17, 2004 under the Marsh & McLennan Companies ("MMC") 2000 Senior Executive Incentive and Stock Award Plan (the "Plan"), is subject to the following terms and conditions:

## I. AWARD VESTING AND DISTRIBUTION

### A. Vesting Period

Your award of restricted stock is scheduled to vest on the earlier of (1) January 1, 2015 or (2) the later of your Normal or Deferred Retirement Date (as such terms are defined in MMC's primary retirement plan applicable to you).

### B. Stock Distribution

The shares will be distributed as soon as practicable after the vesting, except for employees expected to be covered under Section 162(m)(3) of the U.S. Internal Revenue Code of 1986, as amended. For covered employees, MMC may exchange the restricted stock for restricted stock units prior to vesting and defer distribution until the date that would result from applying clause (2) from Section IA herein, or such earlier date pursuant to Sections IVA, IVB or VA herein.

Employees covered under 162(m)(3), according to U.S. Internal Revenue Service regulations, include (1) the chief executive officer of MMC as of the last day of the year of distribution and (2) the four highest-paid executive officers of MMC, other than the chief executive officer, who are employed on the last day of the year of distribution.

## II. RIGHTS OF RESTRICTED STOCK

You will receive dividends on the restricted stock, and you can vote your shares. The shares may not be transferred or assigned by you unless and until the restriction period has ended and the shares have been registered to you.

## III. TAXES

The value of restricted stock generally is not taxable on the date of grant. During the restriction period, the receipt of dividends on the shares is taxable as additional compensation and reported on a current basis as W-2 income. When the shares vest and are distributed, you will be given further information regarding the tax consequences of your receipt of the shares, and you must pay all withholding taxes required by law. It is recommended that you consult with your personal tax advisor for more detailed information regarding the tax treatment of the award.

IV.  TERMINATION OF EMPLOYMENT

If your employment with MMC or any of its subsidiaries or affiliates (the "Company") terminates, your right to the restricted stock shall be as follows:

A.  Death

If you die, the restricted stock will vest immediately to the person or persons to whom your rights shall pass by will or the laws of descent and distribution.

B.  Permanent Disability

If you become totally and permanently disabled as determined under MMC's long-term disability program, the restricted stock will vest immediately.

C.  Retirement

As stated in Section IA, if the shares are restricted until your retirement, then the restricted stock will vest on the later of your Normal or Deferred Retirement Date.

D.  All Other Employment Terminations

If you cease to be an active employee of the Company before the end of the restriction period for any reason other than death, permanent disability, or normal or deferred retirement, or you fail to perform any condition precedent in a manner satisfactory to the Compensation Committee of the MMC Board of Directors (the "Committee"), all of your rights, title and interest in and to the restricted stock shall be forfeited.

V.  CHANGE IN CONTROL PROVISIONS

A.  Change in Control

Upon the occurrence of a "change in control" of MMC, as defined in the Plan, the restricted stock will vest on the date of the change in control, and the shares will be distributed to you as soon as practicable thereafter.

B.  Additional Payment

Should you receive shares from the vesting of restricted stock that has been accelerated because of a change in control, all or part of the value (the total market price of the shares on the date of vesting) of those shares (the Accelerated Shares) may be subject to a 20% federal excise tax. The excise tax is imposed when the value of the Accelerated Shares (plus any other payments which are determined to be contingent on a change in control) is more than 2.999 times the average of your last five years W-2 earnings.

If a change in control occurs and you receive Accelerated Shares, MMC will determine if the 20% federal excise tax is payable. If it is payable, MMC will pay to you, within five days of making the computation, an amount of money (the Additional Payment) equal to the excise tax plus additional amounts for federal, state and local taxes so that the excise tax and income taxes on the excise tax payment will not cost you any money. If the Additional Payment is later determined to be less than the amount of taxes you owe, a further payment will be made to you. If the Additional Payment is more than the amount you owe, you will be required to reimburse MMC for the difference.

## VI.   OTHER PROVISIONS

A.   This award of restricted stock does not give you any right to continue to be employed by the Company, or limit, in any way, the right of your employer to terminate your employment, at any time, for any reason not specifically prohibited by law.

B.   MMC is not liable for the non-issuance or non-transfer, nor for any delay in the issuance or transfer of any shares of common stock due you, which results from the inability of MMC to obtain, from each regulatory body having jurisdiction, all requisite authority to issue or transfer shares of MMC common stock, if counsel for MMC deems such authority necessary for the lawful issuance or transfer of any such shares. Your acceptance of this award constitutes your agreement that the shares of common stock acquired hereunder, if any, will not be sold or otherwise disposed of by you in violation of any applicable securities laws or regulations.

C.   This award is subject to all of the terms and conditions herein and the provisions of the Plan, and your acceptance hereof shall constitute your agreement to the administrative regulations of the Committee. In the event of any inconsistency between these terms and conditions and the provisions of the Plan, the provisions of the Plan shall prevail. You may obtain a copy of the Plan by making a request to MMC.

D.   The restricted stock is awarded in accordance with such additional administrative regulations as the Committee may, from time to time, adopt. All decisions of the Committee upon any questions arising under these terms and conditions or the Plan shall be conclusive and binding.

E.   During your lifetime, no right hereunder related to the restricted stock shall be transferable except by will or the laws of descent and distribution.

## INCORPORATION OF CERTAIN DOCUMENTS BY REFERENCE

The Annual Report on Form 10-K of MMC for its last fiscal year, MMC's Registration Statement on Form dated February 3, 1987, describing MMC common stock, including any amendment or reports filed for the purpose of updating such description, and MMC's Registration Statement on Form 8-A/A dated January 2000, describing the Preferred Stock Purchase Rights attached to the common stock, including any further amendment or reports filed for the purpose of updating such description, which have been filed by MMC under the Securities Exchange Act of 1934, as amended (the "Exchange Act"), are incorporated by reference herein.

All documents subsequently filed by MMC pursuant to Sections 13(a), 13(c), 14 and 15(d) of the Exchange Act subsequent to the end of MMC's last fiscal year and prior to the filing of a post-effective amendment which indicates that all securities offered have been sold or which deregisters all securities then remaining unsold shall be deemed to be incorporated by reference herein and to be a part hereof from the date of filing of such documents.

Participants may receive without charge, upon written or oral request, a copy of any of the documents incorporated herein by reference and any other documents that constitute part of this Prospectus by contacting Ms. Kelly Gamble, Senior Manager, Global Compensation, at 212/948-3523 or via internal electronic mail (Lotus Notes) or the internet (kelly.gamble@mmc.com).

t&c\03172004senior-restrict stock