UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ROGER EGAN,

                         Plaintiff,

          v.

MARSH & McLENNAN COMPANIES, INC.,
MARSH USA INC. SEVERANCE PAY PLAN,
MARSH INC. FALL 2004 RESTRUCTURING
SEVERANCE PAY PLAN,

                    Defendants.

-----------------------------------------------------------------X

No. 07 Civ. 7134 (SAS)

**REPLY TO
COUNTERCLAIM**

**Jury Trial Demanded**

Plaintiff, ROGER EGAN ("Egan"), by his attorneys, Foley & Lardner LLP, for

his Reply to the counterclaim asserted by defendant MARSH & McLENNAN COMPANIES,

INC. ("MMC") in its Answer to the Amended Complaint and Counterclaim (the

"Counterclaim"), alleges as follows:

        1.      Admits the allegations contained in paragraphs 106 and 107 of the

Counterclaim.

        2.      Denies the allegations contained in paragraphs 108 through 110 of the

Counterclaim, except admits that the allegations are correct when adjusted for splits in MMC's

stock.

        3.      Admits the allegations contained in paragraph 111 of the Counterclaim.

        4.      With respect to the allegations contained in paragraph 112 of the

Counterclaim, denies knowledge or information sufficient to form a belief as whether all

employees are and have been required to sign the relevant Non-Solicitation Agreement; makes

no answer to the allegation that signing such agreement is a "condition precedent to exercise," as

that allegation merely states a legal conclusion; and refers to the Non-Solicitation Agreement for the terms and conditions thereof.

5.       Denies the allegations contained in paragraphs 113 and 114 of the Counterclaim, except refers to the Non-Solicitation Agreement for the terms and conditions thereof.

6.       With respect to the allegations contained in paragraph 115 of the Counterclaim, admits that Egan exercised 15,000 shares of the 1995 Grant on December 12, 2003, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "fair market value" per share or "gain" upon exercise.

7.       Admits the allegations contained in paragraph 116 of the Counterclaim.

8.       With respect to the allegations contained in paragraph 117 of the Counterclaim, admits that Egan exercised 30,000 shares of the 1996 Grant on February 6, 2004, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "fair market value" per share or "gain" upon exercise.

9.       Admits the allegations contained in paragraph 118 of the Counterclaim.

10.      With respect to the allegations contained in paragraph 119 of the Counterclaim, admits that Egan exercised 36,000 shares of the 1997 Grant on March 30, 2004, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "fair market value" per share or "gain" upon exercise.

11.      Admits the allegations contained in paragraph 120 of the Counterclaim.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 121 of the Counterclaim that Egan's "total gain" was $2,350,811.24.

2

13.    Denies the allegations contained in paragraph 122 of the Counterclaim, except admits he submitted a letter to Michael Cherkasky on April 8, 2007, and refers to such letter for its contents.

14.    Denies the allegations contained in paragraph 123 of the Counterclaim, except admits that it was announced on or about April 15, 2005 that Egan would serve as the Chief Executive Officer of Integro, avers that Integro was recently formed, admits that Integro provides insurance brokerage and risk management services, and admits that, in providing such services, Integro sometimes seeks business from customers with respect to whom MMC might also seek business.

15.    Denies the allegations contained in paragraph 124 of the Counterclaim, except admits that some employees who worked at Marsh while Egan was employed there joined Integro after April 2005.

16.    Denies the allegations contained in paragraphs 125 and 126 of the Counterclaim.

17.    In response to paragraph 127 of the Counterclaim, repeats and reasserts his responses to paragraphs 106 through 126 of the Counterclaim as though fully set forth herein.

18.    Denies the allegations contained in paragraph 128 of the Counterclaim, except admits that he signed the Non-Solicitation Agreements on the dates specified, and refers to such agreements for their terms and conditions.

19.    Denies the allegations contained in paragraphs 129 and 130 of the Counterclaim.

**As and For a First Affirmative Defense**

20.    The Counterclaim fails to state a claim upon which relief may be granted.

3

### As and For a Second Affirmative Defense

21.     MMC has been aware of Egan's employment at Integro from the time that employment commenced.  Never once, until Egan commenced suit in this litigation, did MMC ever seek to enforce its purported rights under the Non-Solicitation Agreements or even claim that Egan's employment by Integro, and any actions he took in that capacity, violated those Non-Solicitation Agreements.  In fact, MMC now brings its action *after* the Non-Solicitation Agreements have expired by their terms.

22.     MMC's actions establish a waiver of its rights under the Non-Solicitation Agreements.

### As and For a Third Affirmative Defense

23.     Egan repeats and realleges the allegations contained in paragraph 21 above as if fully set forth herein.

24.     MMC's actions demonstrate that it is using the Counterclaim for purposes other than to recover damages for the alleged breach of the Non-Solicitation Agreements – namely, to harm Integro and to gain inappropriate leverage in combating Egan's suit against it.

25.     As such, the Counterclaim must be dismissed as an abuse of process of the Court.

### As and For a Fourth Affirmative Defense

26.     Egan repeats and realleges the allegations contained in paragraph 21 above as if fully set forth herein.

27.     MMC's silence throughout the entire term of the Non-Solicitation Agreements was calculated to and did convey the impression that MMC did not view Egan's employment by Integro, and any actions he took in that capacity, as in any way violative of the

4

Non-Solicitation Agreements.  In reliance upon that, Egan has changed his position substantially and prejudicially.

28.    Accordingly, MMC is equitably estopped from asserting the Counterclaim.

### As and For a Fifth Affirmative Defense

29.    As alleged in the Amended Complaint, Egan's employment at MMC was terminated involuntarily and without cause.

30.    Accordingly, the Non-Solicitation Agreements are invalid and unenforceable.

### As and For a Sixth Affirmative Defense

31.    Regardless of the circumstances of the termination of Egan's employment at MMC, the Non-Solicitation Agreements are overbroad and unreasonable in numerous respects, including, without limitation, by not being narrowly tailored to protect a legitimate interest of MMC.

32.    Accordingly, the Non-Solicitation Agreements are invalid and unenforceable.

### As and For a Seventh Affirmative Defense

33.    In Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc., 404 F.3d 1297 (11th Cir. 2005), the Eleventh Circuit held that the Non-Solicitation Agreements are unenforceable.

34.    Accordingly, MMC is collaterally estopped, in whole or in part, from enforcing the Non-Solicitation Agreements.

NYC_53113.1

### As and For an Eighth Affirmative Defense

35.    The damages sought on the Counterclaim constitute an unenforceable

penalty.

### As and For a Ninth Affirmative Defense

36.    MMC has failed to mitigate its damages (if any).

### As and For a Tenth Affirmative Defense

37.    MMC's Counterclaim is barred by the fact that it cannot prove any

damages caused by the alleged breach of the Non-Solicitation Agreements.

### As and For an Eleventh Affirmative Defense

38.    Egan was given no meaningful choice as to whether to sign the Non-

Solicitation Agreements, and the terms of such agreements are unreasonably favorable to MMC.

39.    Accordingly, the Counterclaim is barred by the doctrine of

unconscionability.

### As and For a Twelfth Affirmative Defense

40.    MMC's bad faith in terminating Egan's employment without cause and

then seeking to punish him further for such termination through its tardy enforcement of the

Non-Solicitation Agreements constitutes a breach of and operates to terminate the Non-

Solicitation Agreements.

41.    MMC's breach and termination of the Non-Solicitation Agreements bars

the Counterclaim.

WHEREFORE, Plaintiff requests judgment as follows:

(a)    judgment against MMC dismissing its Counterclaim;

(b)    The relief demanded on the causes of action alleged in his Amended Complaint;

and

6

(c)    such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
January 2, 2008

FOLEY & LARDNER LLP

By: _____
Peter N. Wang (PW 9216)
Jeremy L. Wallison (JW 6707)
90 Park Avenue
New York, New York 10016
(212) 682-7474

*Attorneys for Plaintiff Roger Egan*

7