UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ROGER EGAN,                                                   :
                                                              :
                      Plaintiff,                         :   07 Civ. 7134 (SAS)
                                                              :
            - against -                              :
                                                              :
MARSH & MCLENNAN COMPANIES, INC.,                             :
                                                              :
                      Defendant.                        :
------------------------------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ...................................................................................................................... 3

ARGUMENT ............................................................................................................................ 6

I. PLAINTIFF'S THIRD THROUGH FIFTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE EXPRESS INTEGRATION CLAUSES IN MMC'S FORMAL SEVERANCE PLANS ............................................................................................... 7

II. PLAINTIFF'S THIRD THROUGH FIFTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THE SUPPOSED INFORMAL PLANS ARE NOTHING MORE THAN IMPERMISSIBLE ORAL MODIFICATIONS TO FORMAL ERISA PLANS ......................................... 8

CONCLUSION ....................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) ................................................................................................. 7

*Adams v. AT&T Corp.*,
No. 5:04CV789, 2007 WL 1655668 (N.D.N.Y. June 5, 2007) ........................................ 10

*Anderson v. Resolution Trust Corp.*,
66 F.3d 956 (8th Cir. 1995) ............................................................................................. 11

*Bozetarnik v. Mahland*,
195 F.3d 77 (2d Cir. 1999) ................................................................................................ 8

*Egan v. Marsh & McLennan Companies, Inc.*,
No. 07 Civ.7134, 2008 WL 245511 (S.D.N.Y. Jan. 30, 2008) ................................. passim

*Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Employees*,
974 F.2d 391 (3d Cir. 1992) .............................................................................................. 9

*Hoffman v. Empire Blue Cross and Blue Shield*,
No. 96 Civ. 5448, 1999 WL 782518 (S.D.N.Y. Sept. 30, 1999) ..................................... 10

*Matusovsky v. Merrill Lynch*,
186 F. Supp. 2d 397 (S.D.N.Y. 2002) ............................................................................... 7

*Murphy v. Curran Contracting Co.*,
648 F. Supp. 986 (N.D. Ill. 1986) ...................................................................................... 9

*Perreca v. Gluck*,
295 F.3d 215 (2d Cir. 2002) ............................................................................................ 10

*Ramos v. SEIU Local 74 Welfare Fund*,
No. 01 Civ. 2700 2002 WL 519731 (S.D.N.Y. Apr. 5, 2002) ........................................ 10

*Sandler v. Marconi Circuit Technology Corp.*,
814 F. Supp. 263 (E.D.N.Y. 1993) .................................................................................. 10

*Stang v. American Express Co.*,
No. 93 Civ. 6615, 1998 WL 118160 (S.D.N.Y. Mar. 16, 1998) ....................................... 9

*Subaru Distribs. Corp. v. Subaru of Am.,
Inc.*, 425 F.3d 119 (2d Cir. 2005) ..................................................................................... 2

KL3 2642910.2

<h1 style="text-align:center">TABLE OF AUTHORITIES (cont'd)</h1>

*Wheeler v. Westmoreland Ret. Plan,*
   No. 98-2173, 1999 WL 410370 (4th Cir. June 8, 1999) ............................................................. 9

<h2 style="text-align:center">STATUTES & RULES</h2>

29 U.S.C. 1132(a)(1)(B) ............................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 1, 7

KL3 2642910.2

Defendant Marsh & McLennan Companies, Inc. ("MMC") respectfully submits this memorandum of law in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the Third through Fifth Causes of Action of the Second Amended Complaint of plaintiff Roger Egan ("plaintiff" or "Egan"), dated February 18, 2008.

## PRELIMINARY STATEMENT

In the third iteration of his complaint, plaintiff tries yet again to frame a cognizable claim for severance benefits. He withdrew his first complaint in response to MMC's motion to dismiss. The severance claims he asserted in his second complaint were dismissed by this Court on MMC's second motion to dismiss. Now, while abandoning most of the claims as to which the Court granted him leave to replead, he reformulates and reasserts only those claims the Court noted it was "unlikely" he would seek to replead. Yet again, he fails to assert viable claims. With this third strike, MMC respectfully submits that these claims should be dismissed with prejudice.

This is a straightforward motion. Plaintiff Roger Egan, the former president and chief operating officer of Marsh, Inc. ("Marsh"), a subsidiary of MMC, seeks a variety of termination benefits from MMC. This Court recently dismissed eleven of plaintiff's thirteen causes of action, including claims under MMC's two formal severance plans — the Marsh USA Inc. Severance Pay Plan ("SPP") and the Marsh Inc. Fall 2004 Restructuring Severance Pay Plan ("Restructuring SPP") — for failure to exhaust administrative remedies. *See Egan v. Marsh & McLennan Companies, Inc.*, 2008 WL 245511, at *10 (S.D.N.Y. Jan. 30, 2008).

Although this Court granted plaintiff leave to replead certain claims, including his claims under MMC's formal severance plans and his promissory estoppel claims, plaintiff declined to do so. Instead, plaintiff now focuses his effort on his claims that MMC had an

KL3 2642910.2

informal and unwritten practice and custom of providing severance benefits to various groups of employees at MMC — claims that recently were dismissed by this Court because they were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). In dismissing these claims, this Court noted that while plaintiff might choose to replead them as ERISA claims, "[t]hat avenue appear[ed] very unlikely" because plaintiff argued in his opposition to defendant's motion to dismiss that "'[t]here is nothing in the record to establish . . . that these promises and conduct [underlying the third through eleventh claims] placed a sufficient administrative and discretionary burden on MMC necessary to create an ERISA-governed plan.'" *Egan*, 2008 WL 245511, at *10 n.136 (quoting Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Motion to dismiss, dated Dec. 3, 2007, at 14 n.4).

In any event, plaintiff now asserts that MMC's supposed informal practices of providing certain severance benefits to involuntarily terminated MMC partners, MMC managing directors, and all MMC employees constitute three ERISA plans and that he is entitled to benefits under each of these plans. Even if such practices existed, these claims for severance benefits under supposed unwritten plans are expressly barred by the plain language of the formal written MMC severance plans. Specifically, MMC's formal written severance plans, the 2003 SPP and the 2004 Restructuring SPP, contain express integration clauses barring the enforcement of any prior supposed practices or policies concerning severance benefits. In addition, plaintiff's claims for benefits — including benefits equal to those provided under the formal severance plans even if ineligible — are nothing more than impermissible attempts to orally modify formal written ERISA plans and are thus unenforceable under well-established ERISA jurisprudence. For these reasons, plaintiff's Third through Fifth Causes of Action should be dismissed.

2

## Background

The facts described below are based on the allegations of the Second Amended Complaint, which defendant disputes in many respects but accepts as true for purposes of this motion, as well as several documents incorporated by reference in this action. *See Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005) (court may consider on a motion to dismiss "documents upon which the complaint relies and which are integral to the complaint"). As this Court is familiar with the basic facts alleged in this action, defendant will not provide an extensive review of the facts but will focus on those relevant to the motion to dismiss the three new claims asserted by plaintiff in his Second Amended Complaint.[1]

Defendant MMC is a premier global professional services firm that owns companies engaged in risk and insurance services, as well as risk consulting and technology. (Sec. Am. Compl. ¶ 2.) Plaintiff Roger Egan, the former president and chief operating officer of Marsh, the risk and insurance services subsidiary of MMC (*id.* ¶ 4), alleges in essence that he is entitled to certain termination benefits based upon MMC's practice of paying such benefits to, respectively, its partners, managing directors, and employees.

Plaintiff has placed before this Court two formal ERISA plans that provide for the payment of severance benefits to certain employees who were involuntarily terminated without cause, namely the SPP and the Restructuring SPP, which provide severance payments equal to one year's base salary in the case of the SPP or one year's base salary plus 60% of the individual's 2003 bonus in the case of the Restructuring SPP. (Am. Compl. ¶ 18; Declaration of Robert N. Holtzman in Support of Motion to Dismiss Plaintiff's Second Amended Complaint,

---

[1] Plaintiff's claims for benefits under MMC's Special Severance Pay Plan and for restricted stock and restricted stock units are not subjects of the present motion to dismiss. (Sec. Am. Compl. ¶¶ 5, 6, 34.)

3

dated March 10, 2008 ("Holtzman Mar. 10, 2008 Decl."), Exhs. A & B.) Plaintiff initially alleged that he was a participant under each of these plans and brought ERISA claims for benefits under each plan. (Am. Compl. ¶¶ 97, 102.) This Court dismissed plaintiff's claims for benefits under these plans because plaintiff failed to exhaust his administrative remedies. *See Egan*, 2008 WL 245511, at *10. Plaintiff was granted leave to replead these claims if he could allege facts to support the exhaustion of administrative remedies or demonstrating that attempts to exhaust would be futile. *Id.* Plaintiff declined to replead these claims.

Instead, as discussed above, plaintiff recharacterized his claims for benefits under supposed informal policies and practices at MMC regarding the provision of severance benefits to MMC partners, MMC managing directors, and MMC employees generally. This Court previously dismissed these common law claims (and others) because they were preempted by ERISA. *Id.* at *7-*9. Plaintiff has now repleaded the claims as ERISA claims, alleging that MMC, "by its conduct and otherwise, also established, sponsored and administered other plans that were governed by [ERISA] and constitute employee benefits plans" for the payment of certain severance benefits in the event of an employee's involuntary termination without cause. (Sec. Am. Compl. ¶ 7.) He describes three supposed informal plans.

First, plaintiff claims that — "upon information and belief" — MMC established an unwritten ERISA plan for MMC partners (the "MMC Partners Plan") of providing:

> [b]enefits in an amount equal to a multiple of the individual's base salary and bonus (including stock bonus), a prorated portion of the individual's bonus in the year of his/her termination, immediate vesting of all restricted stock and restricted stock unit awards, an extension of the exercise period of the individual's stock option awards for the remainder of the exercise term of the awards, a continuation of the individual's health benefits, the immediate payment of the individual's retirement pension at a 'bridged' rate equal to the amount the individual would have been entitled to had he/she waited until the age of 62 to retire, and the continuation of indemnification/D&O liability insurance.

4

(Sec. Am. Compl. ¶ 8.) Egan next asserts that MMC established an informal ERISA plan of paying severance of at least a year's base salary plus bonus to managing directors of MMC subsidiaries (such as Marsh) upon involuntary termination without cause (the "MMC Managing Directors Plan"). (Sec. Am. Compl. ¶ 9.) Finally, plaintiff alleges that MMC created an informal ERISA plan of paying severance equal to the severance provided under its formal severance plans like the SPP and the Restructuring SPP to any employee involuntary terminated without cause during the time period covered by such plans "but with respect to which the employee was ineligible." (Sec. Am. Compl. ¶ 10.) Plaintiff claims that his status as a participant under these three plans was "confirmed to him on a number of occasions by MMC agents, including by MMC's then-chairman, Jeffrey Greenberg, at a dinner in 2001." (Sec. Am. Compl. ¶ 12.)

In 2004, the New York Attorney General launched an investigation into the activities of Marsh and thereafter Michael G. Cherkasky, President and Chief Executive Officer of MMC, asked Egan to step down from his position. (Sec. Am. Compl. ¶¶ 13-15.) According to plaintiff, as part of this request, Cherkasky "once again reiterated the existence of the above-described plans, Egan's participation in and eligibility for benefits thereunder, and directed Egan to begin the process of submitting a claim for benefits — explicitly advising Egan to hire a lawyer so that Egan and MMC could reach a 'generous settlement.'" (Sec. Am. Compl. ¶ 16.)

On December 7, 2004, MMC supposedly "constructively terminated" plaintiff, although plaintiff continued to receive full pay and benefits until he resigned on April 8, 2005. (Sec. Am. Compl. ¶ 18.)[2] Just a few days later – on or about April 15, 2005 – it was announced

---

[2] Plaintiff failed to mention his resignation in his Second Amended Complaint even though he pleaded his resignation in his initial Complaint and incorporated by reference his resignation letter. (Compl. ¶ 37.)

5

that plaintiff would serve as the Chief Executive Officer of Integro, a newly-formed insurance brokerage and risk management firm that directly competes with Marsh.

Plaintiff alleges that MMC, "by its actions," has "effectively denied Egan's claim for benefits under the above-described plans." (Sec. Am. Compl. ¶ 27.)

## ARGUMENT

To survive dismissal under Fed. R. Civ. P. 12(b)(6), "plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). As this Court has held, "[a]lthough the complaint need not provide 'detailed factual allegations,' it must 'amplify a claim with some factual allegations . . . to render the claim *plausible*.'" *See Egan*, 2008 WL 245511, at *3 (emphasis in original) (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). This Court may consider documents that are integral to the Complaint, and if "plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss." *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) (citations omitted).

Although we acknowledge that this Court did not anticipate another motion to dismiss, the Court also thought it unlikely that plaintiff would replead these claims. As it is immediately clear that these repleaded claims are without merit, we are therefore compelled to submit this motion. Plaintiff's Third through Fifth Causes of Action should be dismissed because plaintiff's claims for benefits under three supposed informal unwritten ERISA plans are barred by the express integration clauses set forth in MMC's formal written severance plans and ERISA precludes modifying or amending those plans through informal practices or oral promises.

I. **PLAINTIFF'S THIRD THROUGH FIFTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE EXPRESS INTEGRATION CLAUSES IN MMC'S FORMAL SEVERANCE PLANS**

Plaintiff claims that MMC established "by its conduct and otherwise" three informal unwritten ERISA severance plans — the MMC Partners Plan, the MMC Managing Directors Plan, and the MMC Employees Plan — under which partners, managing directors and all employees were provided certain severance benefits upon involuntary termination. (Sec. Am. Compl. ¶¶ 7-10.) In his Third, Fourth, and Fifth Causes of Action, Egan seeks benefits as a participant under each of these plans pursuant to 29 U.S.C. § 1132(a)(1)(B). Setting aside whether plaintiff has adequately pleaded that MMC's supposed informal and unwritten severance practices vis-à-vis partners, managing directors and employees qualify as ERISA plans, plaintiff's ERISA claims for benefits are barred by the express integration clauses set forth in MMC's formal severance plans.

MMC's written formal severance plans — the 2003 SPP and 2004 Restructuring SPP — expressly foreclose reliance by plaintiff on any prior supposed practices or policies with regard to severance benefits. Specifically, both the SPP and the Restructuring SPP provide that, "[t]his Plan supersedes all previous policies, practices, programs or plans that may have been followed by the Company (or any predecessor, merged or acquired entity) for employees covered by this Plan." (Holtzman Mar. 10, 2008 Decl., Exh. A § 1 at 1, Exh. B § 1 at 1.) In addition, both plans state that "[i]n the event of any conflict between the provisions of this document and any other communication, the provisions of this document will govern." (*Id.*) Integration clauses such as these are plainly enforced in this Circuit. *See, e.g., Bozetarnik v. Mahland*, 195 F.3d 77, 83 (2d Cir. 1999) (integration clause in collective bargaining agreement barred amendment of pension plan by implied terms); *Stang v. American Express Co.*, 1998 WL

7

118160, at *7 (S.D.N.Y. March 16, 1998) (rejecting plaintiff's attempt to rely upon earlier supposed promise of entitlement to retirement benefits because the company's formal severance agreement contains "an explicit merger clause").

While certain informal practices and policies may constitute informal ERISA plans if particular criteria have been met, such informal plans are barred by the inclusion of an integration clause in the company's formal plans. *See, e.g., Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Employees*, 974 F.2d 391, 400 (3d Cir. 1992) (written plan document that "clearly limits benefits to those provided in a formal plan" bars recovery under an informal plan while the "absence of any integration clause in a formal plan . . . might lead the district court to infer that another, informal plan did exist"); *Wheeler v. Westmoreland Ret. Plan*, 182 F.3d 912, at *2-3 (4th Cir. 1999) (Table) (rejecting plaintiff's ERISA claim for benefits under an informal ERISA plan because "the formal plan contains [an integration clause] which excludes the possibility of an informal plan"); *Murphy v. Curran Contracting Co.*, 648 F. Supp. 986, 987 (N.D. Ill. 1986) (plaintiff failed to state an ERISA claim for benefits under an oral agreement for pension benefits because the formal pension plan contained an integration clause). Because the SPP and the Restructuring SPP expressly supersede any previous policies or programs, plaintiff's claims for benefits under supposed informal unwritten plans for severance benefits — supposedly dating back at least to representations by the then-chairman of MMC, Jeffrey Greenberg, in 2001 — are barred. *See* Sec. Am. Compl. ¶ 12.

## II. PLAINTIFF'S THIRD THROUGH FIFTH CAUSES OF ACTION SHOULD BE DISMISSED BECAUSE THE SUPPOSED INFORMAL PLANS ARE NOTHING MORE THAN IMPERMISSIBLE ORAL MODIFICATIONS TO FORMAL ERISA PLANS

Plaintiff's Third through Fifth Causes of Action also should be dismissed because his characterizations of the supposed unwritten oral severance plans make clear that they are

8

nothing more than purported amendments of and supplements to the severance benefits set forth in MMC's written formal ERISA plans. It is well established that oral modifications to formal written ERISA plans are unenforceable under ERISA law. *See, e.g., Perreca v. Gluck*, 295 F.3d 215, 225 (2d Cir. 2002) (refusing to enforce calculation of pension benefits based upon supposed oral promises because plaintiff cannot "as a matter of law, rely upon an oral promises to modify the terms of an ERISA plan"); *Adams v. AT&T Corp.*, 2007 WL 1655668, at *4 (N.D.N.Y. June 5, 2007) (rejecting ERISA claims for pension benefits premised upon supposed oral promises that plaintiff's benefits would be calculated in a particular way because "it is well established that such promises are unenforceable and cannot alter the written terms of an ERISA plan"); *Ramos v. SEIU Local 74 Welfare Fund*, 2002 WL 519731, at *5-6 (S.D.N.Y. April 5, 2002) (Scheindlin, J.) (oral modifications to written ERISA plans are not enforceable in the absence of fraud); *Hoffman v. Empire Blue Cross and Blue Shield*, 1999 WL 782518, at *7 (S.D.N.Y. Sept. 30, 1999) (rejecting plaintiff's reliance on defendants' supposed past practice of provided certain reimbursement under an ERISA policy, noting that under ERISA law, "[p]ast practice is of no significance where the plan document is clear") (citations omitted); *Sandler v. Marconi Circuit Technology Corp.*, 814 F. Supp. 263, 265-67 (E.D.N.Y. 1993) (dismissing plaintiff's ERISA claim for retirement benefits based on oral representations because "oral agreements or modifications to a retirement plan are insufficient to support a claim for recovery under ERISA" and therefore the claim is "barred by ERISA").

According to plaintiff, the MMC Employees Plan simply provides that all employees would receive severance benefits equal to that provided under the formal severance plans at MMC despite the fact that they are otherwise ineligible to receive such benefits. (Sec. Am. Compl. ¶ 10.) Indeed, this Court already has found that plaintiff, through this claim, "seeks the severance benefits provided under MMC's formal severance plans." *Egan*, 2008 WL

9

245511, at *8. Thus, the alleged practices that supposedly give rise to the MMC Employees Plan represent nothing more than an impermissible attempt to modify the SPP and the Restructuring SPP.

The alleged MMC Managing Directors Plan and MMC Partners Plan similarly provide for the payment of severance pay based upon the employee's base salary and bonus compensation. In asserting these claims, then, plaintiff seeks precisely the sort of severance payments available under the SPP and the Restructuring SPP, albeit with a modified formula. Further, plaintiff claims that the MMC Partners Plan amends the terms of other ERISA plans, including MMC's retirement plans. (Sec. Am. Compl. ¶ 8.)

The informal supposed practices alleged by plaintiff, assuming they existed, are unenforceable alleged modifications to formal ERISA plans and should be dismissed. *See Anderson v. Resolution Trust Corp.,* 66 F.3d 956, 960 (8th Cir. 1995) (rejecting plaintiff's claim of an unwritten informal pension plan because such a plan "would have the same effect as modifying the terms" of the company's written pension plan and oral or informal communications cannot modify the provisions of a written ERISA plan).

## CONCLUSION

For the foregoing reasons, defendant MMC respectfully requests that this Court dismiss plaintiff's Third, Fourth and Fifth causes of action and grant such other relief as the Court may deem just and proper.

Dated:  New York, New York
        March 10, 2008

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Robert N. Holtzman
    Barry H. Berke (BB 1421)
    Robert N. Holtzman (RH 9525)
    Jennifer L. Rochon (JR 3097)
    Melissa J. Prober (MP 8244)
    1177 Avenue of the Americas
    New York, New York 10036
    (212) 715-9100
    Attorneys for Defendant Marsh & McLennan Companies, Inc.

11